UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Patrick Moxhet, Anthony Johnson, Danny Johnson, and James Keitt, On Behalf of Themselves and All Others Similarly Situated, ) ) ) ) ) | Civil Action No. 4:13-896-MGL |
| Plaintiff, ) ) | |
| ) | **OPINION AND ORDER** |
| v. ) ) | |
| Telstar cable Communications, Inc.; Dawn H. Collins, and James Collins, Individually,, ) ) ) | |
| Defendants. ) ) | |

Plaintiff Patrick Moxhet, Anthony Johnson, Danny Johnson, and James Keitt, On Behalf of Themselves and All Others Similarly Situated, ("Plaintiffs") brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. on April 4, 2013 against Defendants Telestar Cable Communications, Inc, Dawn H. Collins, and James Collins, individually ("Defendants"). Thereafter, on February 25, 2014, Emma Ruth Brittain attorney for Defendants moved to be relieved as attorney for Defendants. (ECF No. 22.) The court granted Ms. Brittain's motion to be relieved on March 4, 2014 and Defendants were given 45 days to obtain new legal counsel. (ECF No. 25.) Defendants did not obtain new counsel. Because Defendants were now proceeding pro se, this matter was referred to a United States Magistrate Judge pursuant to Local Rule 73.02(B)(2)(e), D.S.C. (ECF No. 33.) On April 23, 2014, the Magistrate Judge issued an order advising pro se Defendants Dawn Collins and James Collins of special pleading rules applicable to pro se litigants in this District. (ECF No. 36.) The Magistrate Judge specifically advised Defendant Telestar Cable Communications, Inc. ("Telestar") that a "corporation cannot appear pro se and must be represented

by counsel in court"and that Telstar must retain counsel licensed to practice in this District no later than May 14, 2014 or the Magistrate Judge would recommend that default be entered against Defendant Telstar. (ECF No. 36.)

On May 21, 2014, the Magistrate Judge submitted a Report and Recommendation to the court recommending that default be entered due to Telstar's failure to comply with this court's order to obtain counsel. (ECF No. 43.) The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. (ECF No.43-1.) Plaintiff filed no objections and the time for doing so expired on June 9, 2014.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

In light of the above standards and after careful review of the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 43) by reference into this order. It is

therefore ORDERED that Default be entered against Telstar.

    IT IS SO ORDERED.

s/Mary G. Lewis<br>United States District Judge

Florence, South Carolina
June  16, 2014