UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

|  |  |  |
|---|---|---|
| PATRICK MOXHET, ANTHONY JOHNSON, DANNY JOHNSON and JAMES KEITT, | ) ) ) ) ) | C.A. No. 4:13-CV-896-BHH-KDW |
| Plaintiffs, | ) ) ) | **REPORT AND RECOMMENDATION** |
| v. | ) ) |  |
| TELSTAR CABLE COMMUNICATIONS, INC., and DAWN COLLINS and JAMES COLLINS, Individually, | ) ) ) ) |  |
| Defendants. | ) ) |  |

This matter is before the court on the motion of Defendant Telstar Cable Communications, Inc. ("Telstar") to set aside the court's entry of default against it. ECF No. 75; *see also* ECF No. 80. Plaintiffs submitted an opposition to the Motion, ECF No. 83, to which Telstar replied, ECF No. 86. The undersigned conducted a hearing on the motion on November 19, 2014. Having considered the parties' filings and argument of counsel at the hearing, the undersigned recommends Telstar's Motion for Relief from Entry of Default be *granted* and that this matter proceed on the merits as to Telstar and officers of Telstar—Defendants Dawn Collins and James Collins (collectively, the Collins Defendants).[1]

I.   Factual Background

Plaintiffs Patrick Moxhet, Anthony Johnson, Danny Johnson, and James Keitt brought this action against Telstar and the Collins Defendants as a purported Collective Action to recover unpaid wages under the Fair Labor Standards Act ("FLSA"). Am. Compl., ECF No. 8. The

---

[1] This matter was referred to the undersigned for pretrial proceedings pursuant to the Local Civil Rules of this court. As this motion is considered dispositive, the undersigned submits this Report and Recommendation for consideration by the assigned district judge.

named Plaintiffs purport to bring this on behalf of "themselves and all others similarly situated," and the Amended Complaint identifies the "Class Members" as "all of Defendants' current and former piece rate paid cable technicians, regardless of their classification as employee or independent contractor, who worked more than forty (40) hours in a workweek throughout United States during the three-year period before the filing of the Complaint." Am. Compl. ¶ 9. Appended to the Amended Complaint are consent forms signed by the named Plaintiffs, indicating their consent to be a plaintiff in this action.

Defendant Telstar and the Collins Defendants, all represented by the same counsel, appeared and filed an answer to Plaintiff's Amended Complaint denying many of Plaintiffs' allegations and setting out several affirmative defenses. ECF No. 12. Telstar became unable to pay its counsel's legal fees, and counsel sought to be relieved from representing Defendants. ECF No. 22; *see* Affidavit of James Collins ¶ 3, ECF No. 80-3. The court granted counsel's motion to be relieved, and gave Defendants 45 days to obtain new legal counsel. ECF No. 25. During this time, all Defendants sought an extension of discovery deadlines. ECF No. 28.

No new counsel appeared for Defendants within that 45-day period, and the undersigned advised all Defendants that Telstar, as a corporate defendant, could not represent itself, nor could a pro se individual represent it. ECF No. 36. The Collins Defendants, as individuals, were permitted to represent themselves pro se. *Id.* No counsel appeared for Telstar and, after giving additional time for Telstar to obtain counsel, the undersigned recommended default be entered as to Defendant Telstar. ECF No. 43. No objections were filed to that recommendation, and the court ordered the Clerk of Court to enter default against Defendant Telstar. ECF No. 52. The Clerk's entry of default as to Defendant Telstar was docketed on June 16, 2014. ECF No. 54. The court then conducted a status conference to discuss scheduling matters on July 21, 2014. Counsel appeared for Plaintiffs and, although the Collins Defendants were sent notice of the

conference, they did not appear. Accordingly, the court instructed the Clerk of Court to contact the Collins Defendants by telephone. Defendant James Collins participated in the status conference, at which time a scheduling order was discussed—particularly regarding additional discovery and a damages hearing. Collins did not reference the entry of default as to Telstar and indicated that he did not understand that he was to appear at the status conference.

Subsequent to this status conference, the court issued a scheduling order instructing the parties to file any motions related to the entry of default as to Defendant Telstar no later than August 22, 2014. ECF No. 70. Plaintiffs filed a "Motion and Request for Damages Hearing Against Telstar Cable Communications, Inc." on August 21, 2014. ECF No. 72. The following day, counsel appeared for Telstar and filed the Motion to Set Aside Default now under consideration. ECF No. 75.

## II.     Applicable Law

The court may set aside an entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure[2] on a showing of good cause. The rule should be construed liberally "to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969)). In *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.,* 616 F.3d 413, 417 (4th Cir. 2010), the Court of Appeals for the Fourth Circuit noted that it has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." The primary factors to consider when reviewing a motion to set aside default under Rule 55(c) are prejudice to the non-moving party and whether

---

[2] Telstar's supporting memorandum also analyzes the request for relief pursuant to Federal Rule of Civil Procedure 60(b); however, as counsel for Telstar correctly noted at the hearing, Rule 60(b) relates to requests to set aside default *judgments*. *See* Fed. R. Civ. P. 55(c). As no default judgment has been entered in this matter, the court analyzes this Motion pursuant to Rule 55(c) only.

the defendant has a meritorious defense. *Cent. Operating Co. v. Utility Workers of Am., AFL-CIO,* 491 F.2d 245 (4th Cir. 1974). A meritorious defense is shown when the moving party makes a presentation or proffer of evidence which, if believed, would permit the court to find for the defaulting party. *Moradi,* 673 F.2d 725. The court may also consider whether the moving party acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the opposing party, whether there is a history of dilatory action, and the availability of less drastic sanctions. *Lolatchy,* 816 F.2d at 953.

III.   Analysis

Considering this standard and after careful review of the arguments made by counsel, the undersigned finds Defendant Telstar has shown good cause and that the entry of default against it should be vacated and the Answer reinstated as to it.

Although, to be sure, the court offered Defendant Telstar numerous opportunities to obtain counsel prior to the entry of default, Defendant Telstar did obtain counsel and submitted the Motion to Set Aside Default within the time established for "parties to file any motions related to" the Clerk's Entry of Default against Telstar. ECF No. 70. Having considered the affidavits of Telstar's officers—the Collins Defendants—the court finds good cause existed for Telstar's failure to obtain substitute counsel for months after its original counsel was relieved. *See* James Collins Aff. ¶ 6, ECF No. 80-3 (affirming that Telstar was "unable to afford competent legal representation" until August 2014, which was after the deadline the court had set); Dawn Collins Aff. ¶¶ 6-7, ECF No. 80-4 (same). The Collins Defendants affirmed that Telstar "attempted to secure counsel from the time that its previous counsel was relieved, and as soon as it was able to do so, secured counsel to represent the corporation." James Collins Aff. ¶ 9.

4

At the hearing, counsel for Plaintiffs cited to excerpts of testimony from the deposition from the accountant for all Defendants as evidence counter to the affirmations of the Collins Defendants that Defendant Telstar was unable to afford to hire new counsel until August 2014. The court has considered this argument in context and is unconvinced that this information is sufficient to negate the finding of good cause for relief from entry of default. For example, Plaintiffs' counsel referenced Defendant Telstar's gross revenue for 2012. As noted by defense counsel, information as to an entity's *gross* revenues is never necessarily indicative of the entity's *net* revenues. Further, the referenced testimony concerns 2012; this action was not filed until April of 2013, and Defendant Telstar's original counsel was not relieved until 2014.

Further, Telstar presented a potentially meritorious defense based on the Answer initially and timely filed by its original counsel. In addition to generally denying many of Plaintiffs' allegations, the Answer of all Defendants also contained factual allegations that, if established, could defeat Plaintiffs' claims. For example, Defendants allege the following: that Plaintiffs have been paid all wages due, Answer, ¶ 70, ECF No. 12; that Defendants' actions were taken in good faith and for proper purpose with reasonable grounds to believe Defendants are not in violation of the FLSA, *id.* ¶ 72; and that Plaintiffs' claims are barred by the applicable statutes of limitations, *id.* ¶ 74. Further, the same Answer remains in place for the Collins Defendants, who have always continued to defend against this action.

Finally, the court finds no showing of prejudice to Plaintiffs other than delay in the prosecution of the lawsuit. Plaintiffs argue they are prejudiced because they lose their "immediate right to assert [the default] judgment against Telstar" as a judgment against its owners and officers—the Collins Defendants. Pls.' Resp. 7. The court is unconvinced. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,* 843 F.2d 808, 812 (4th Cir.

5

1988) ("As to prejudice, we perceive no disadvantage to Augusta beyond that suffered by any party which loses a quick victory.").

IV.     Conclusion and Recommendation

For the reasons set forth above, it is recommended that the court grant Defendant Telstar's Motion for to Set Aside Entry of Default, ECF No. 75, and find that the answer initially filed by Defendant Telstar, ECF No. 12, be reinstated so that this matter can proceed on the merits as to all Defendants. *See Colleton Preparatory Acad.,* 616 F.3d at 417 (noting the court's "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.").[3]

IT IS SO RECOMMENDED.

November 20, 2014                                                                Kaymani D. West
Florence, South Carolina                                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] In the event the district judge adopts this Report and Recommendation, the court will then issue a revised scheduling order.

6